UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| TONY MAGHRAK, as Chairman and<br>BRUCE YOUNG, as Secretary of the IBEW<br>Local No. 292 Health Care Plan; TONY MAGHRAK,<br>as Chairman and BRUCE YOUNG, as Secretary<br>of the Electrical Workers Local No. 292 Pension Fund;<br>TONY MAGHRAK, as Chairman and<br>BRUCE YOUNG, as Secretary of the Electrical<br>Workers Local No. 292 Annuity & 401(k) Fund;<br>TONY MAGHRAK, as Chairman and<br>BRUCE YOUNG, as Secretary of the Electrical<br>Workers Local No. 292 Vacation & Holiday Fund;<br>TONY MAGHRAK, as Chairman and<br>BRUCE YOUNG, as Secretary of the Minneapolis<br>Electrical Industry Board/JATC/LMCC;<br>and each of their successors, | Civil No. 08-4748 (JNE/SRN) |

Plaintiffs,

v.                                                                              **FINDINGS OF FACT,
                                                                                 CONCLUSIONS OF LAW,
                                                                                 <u>AND ORDER FOR DEFAULT</u>**

PRO CONTROL BUILDING SOLUTIONS GROUP, LLC,

Defendant.
_____

The case is before the Court on Plaintiffs' motion for default order. For the reasons set forth below, the Court grants the motion.

**<u>FINDINGS OF FACT</u>**

1.     Plaintiffs filed a Summons and Complaint in this matter on July 22, 2008. Defendant was served with the Summons and Complaint on July 29, 2008, and on August 1, 2008.

2.     Defendant failed to file and serve a response or Answer to the Summons

1

and Complaint.

3. The Clerk of Court entered default on August 25, 2008.

4. Plaintiffs are trustees and fiduciaries of the above-referenced funds (Funds). The Funds are joint fringe benefit trust funds which are multi-employer plans as defined by 29 U.S.C. § 1002(37) (2000) established to provide pension benefits, health and welfare benefits, vacation benefits, and training to employees performing covered work.

5. At all times herein, Defendant, through its execution of a Letter of Assent, was bound by a certain collective bargaining agreement between the Minneapolis Chapter, National Electrical Contractors Association, and the International Brotherhood of Electrical Workers, Local Union Number 292, A.F.L.-C.I.O (Collective Bargaining Agreement).

6. The Collective Bargaining Agreement requires Defendant to make contributions to the Funds in accordance with the Funds' terms. These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits.

7. Defendant is required by the Collective Bargaining Agreement to compute its contribution obligation and pay it to the agent of the trustees on or before the 15th day of the month following the month for which the contribution is being made. Defendant is also required to submit to the agent a monthly payroll report on a standard form containing such information about the employees in the bargaining unit as the trustees may require.

8. Defendant failed to timely submit fringe benefit reports and fringe benefit contributions due and owing pursuant to the fringe fund reports for the months of December 2007 to October 2008.

9. Defendant untimely submitted the fringe fund reports for the months of December 2007 to February 2008 and April to July 2008. Pursuant to these reports, $3,486.26 in delinquent contributions is due and owing for those months.

10. To date, Defendant has failed to submit fringe fund reports for the months of March 2008 and August to October 2008.

11. Defendant has not contacted Plaintiffs or notified them that it is no longer performing work covered by the Collective Bargaining Agreement.

12. Pursuant to the Collective Bargaining Agreement, fringe fund reports are delinquent if not postmarked on or before the 15th day of the following month. The Collective Bargaining Agreement provides that employers who fail to file monthly or who file incomplete reports will be assessed liquidated damages of $500.00 a month beginning with the second instance in a twelve month period. However, 29 U.S.C. § 1132(g)(2)(c)(ii) (2000) states that liquidated damages provided for under a plan shall not exceed 20 percent of the unpaid contributions.

13. Twenty percent of the unpaid contributions for the months of December 2007 to February 2008 and April to July 2008 is $697.25.

14. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorneys' fees and costs in the pursuit of delinquent contributions.

## **CONCLUSIONS OF LAW**

1. Defendant is in default and Plaintiffs are entitled to entry of a Default

3

Order.

2.  Defendant is obligated to pay to Plaintiffs $3,486.26 for delinquent contributions for the months of December 2007 to February 2008 and April to July 2008.

3.  Defendant is obligated to pay Plaintiffs $697.25 for liquidated damages for the months of December 2007 to February 2008 and April to July 2008.

4.  Defendant breached the Collective Bargaining Agreement by failing to timely submit the fringe fund reports and contributions for the months of March 2008 and August to October 2008.

5.  Defendant is obligated to pay all fringe benefit fund contributions due and owing pursuant to the reports for the months of March 2008 and August to October 2008 as well as liquidated damages in the amount of 20 percent of the unpaid contributions for the months of March 2008 and August to October 2008.

6.  Defendant is obligated to pay Plaintiffs' reasonable attorneys' fees and costs.

## **ORDER**

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1.  Plaintiffs' Motion for Default Order [Docket No. 7] is GRANTED.

2.  Defendant shall submit the fringe fund reports for the months of March 2008 and August to October 2008 to IBEW Local 292 Fringe Benefit Funds, 5100 Gamble Drive, Suite 430, St. Louis Park, MN 55416, correctly identifying hours worked by employees pursuant to the Collective Bargaining Agreement within ten days of service of this Order upon them.

3.  Defendant shall pay to Plaintiffs the $3,486.26 in delinquent contributions

and $697.25 in liquidated damages for the months of December 2007 to February 2008 and April to July 2008.

4. Defendant shall pay to Plaintiffs fringe benefit contributions for all of the hours reported pursuant to the Court's Order and liquidated damages in the amount of 20 percent of the unpaid fringe benefit contributions or $500 a month, whichever is less, for all of the hours reported pursuant to the Court's Order.

5. Defendant shall pay to Plaintiffs their reasonable attorneys' fees and costs incurred in this matter.

6. If Defendant fails to make the payments required by this Order, Plaintiffs may move the Court for entry of a money judgment in the amount due for unpaid delinquent fringe benefit contributions and liquidated damages for the period December 2007 to October 2008 (including the $3,486.26 in delinquent contributions and $697.25 in liquidated damages for the months of December 2007 to February 2008 and April to July 2008) and reasonable attorney fees and costs as shown by Affidavit filed with the Court. The Court shall enter judgment ten days after service of the motion and affidavit on Defendant.

Dated: November 21, 2008

                                                   s/ Joan N. Ericksen
                                                   Joan N. Ericksen
                                                   United States District Court Judge